HIGHWAY COMMISSION — AWARDING OF ENGINEERING CONTRACT PRIOR TO VOTING OF BONDS The State Highway Commission has the authority to let engineering contracts on highways through cities before the people thereof have voted bonds to pay for the right-of-way which such city is required to furnish. The Attorney General has had under consideration your letter of recent date, wherein you request a formal opinion from this office on the following matter: "At a regular meeting of the Oklahoma State Highway Commission on December 1, 1969, at the dim Thorpe building, a decision was made to let several engineering contracts with regard to the expressway system in Tulsa, and particularly the southeast interchange and the Riverside expressway. Commissioner Bell stated that the commission was "take a risk" in letting these contracts, since the bonds for the acquisition of the right-of-way have not been voted by the Tulsa taxpayers, and if they are not voted, then the money spent on the engineering contracts would be wasted." We assume from your statement of facts that you desire to ask, "Whether or not the State Highway Commission can obligate the State of Oklahoma by letting engineering contracts on projects within Cities before such City has voted bonds for the acquisition of right-of-way which such City is requested to furnish before contracts for construction of such highway may be let for bids." We direct your attention to 69 O.S. 45 [69-45] (1961) which in part provides: "The construction and maintenance of the State Highway System, and all work incidental thereto, shall be under the general supervision and control of the State Highway Commission, which is hereby authorized, empowered and directed to take whatever steps may be necessary to cause said State Highway System to be constructed at the earliest possible time, consistent with good business management and fund available after this Act takes effect, and also to provide for the maintenance of said State Highway System. The State Highway Commission shall have power to make all final decisions affecting the work provided for herein, and all rules and regulations it may deem necessary, not inconsistent with this Act, for the proper management and conduct of said work, and for carrying out all the provisions of this Act in such manner as shall be to the best interest and advantage of the people of this State. The Commission is hereby given power and authority to contract for and purchase, lease or otherwise acquire, any tools, machinery, supplies, material or labor needed or to be needed for said work, having the deliveries of such articles made as actually needed, and to pay for engineering, preparation of plans and specifications, costs of advertising, engineering supervision and inspection, and all expenses and contingencies in connection with the construction and maintenance of such State Highway System. . . ." Your attention is also directed to 69 O.S. 88 [69-88](a) (1961) which provides: "No obligation shall be incurred during any fiscal year in excess of the unencumbered cash on hand in the State Highway Construction and Maintenance Fund. . . ." Though the State Highway Commission is prohibited from incurring any obligation prohibited by Section 69 O.S. 88a [69-88a], above, such Commission does have wide discretion in carrying out the authority delegated to it in Section 45, supra. If the State Highway Commission in the exercise of its judgment and discretion feels it is consistent with good business management to let engineering contracts for highways before the right-of-way is assured, then we feel such Commission has the authority to so act. It might even be good business judgment to have the engineering on alternate routes through a city in view of the highly exorbitant and possible differences in cost of acquiring right of way in metropolitan areas. It is therefore the opinion of the Attorney General that the State Highway Commission would have the authority within its judgment and discretion to award engineering contracts in regard to the expressway system in the City of Tulsa prior to the time bonds have been voted by the taxpayers of Tulsa, Oklahoma for the purpose of setting up funds for the acquisition of right-of-way for said expressway system for such City. (W. J. Monroe)